# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
April 19, 2010

No. 09-20129
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

CALVIN WILLIAMS,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:08-CR-636-1

Before JONES, Chief Judge, and GARZA and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

A jury convicted Calvin Williams of falsifying entries and reports of monies while performing his duties as an employee of the U.S. Postal Service, and he was sentenced to two years probation and ordered to pay $1,400 in restitution. On appeal, Williams's sole argument is that the evidence presented at trial was insufficient to convict him of the crime as charged in the indictment.

Williams has preserved for review his challenge to the sufficiency of the evidence because he moved for a judgment of acquittal at the close of the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Government's case and presented no evidence of his own. *United States v. Resio-Trejo*, 45 F.3d 907, 911 n.6 (5th Cir. 1995). We review de novo the district court's decision to deny the motion. *United States v. Mitchell*, 484 F.3d 762, 768 (5th Cir. 2007). We view all of the evidence and draw all reasonable inferences in the light most favorable to the verdict and will affirm the conviction if a rational juror could have found the elements of the offense beyond a reasonable doubt. *United States v. Garcia*, 567 F.3d 721, 731 (5th Cir.), *cert. denied*, 130 S. Ct. 303 (2009).

Williams was charged with violating 18 U.S.C. § 2073 by making a "false and fictitious entry of a matter relating to his duties, to wit: by making a false entry of stamp purchases." To secure a conviction, the Government must prove the specific allegations set forth in the indictment. *Stirone v. United States*, 361 U.S. 212, 217-19 (1960); *United States v. Hoover*, 467 F.3d 496, 502 (5th Cir. 2006). If instead the Government proves that the defendant committed the crime in a manner that was not charged, then the indictment has been constructively amended and the defendant is entitled to a new trial. *Hoover*, 467 F.3d at 502; *United States v. Chambers*, 408 F.3d 237, 247 n.6 (5th Cir. 2005).

Here, the evidence was sufficient to support the verdict. The Government submitted video recordings showing Williams making sales to customers and the corresponding daily reports of Williams's transactions. An investigator testified based on the recordings and reports that when customers paid for stamps in cash, Williams often failed to scan the stamps into the point-of-service (POS) system as required and instead used the "no sale" key to open the cash drawer and complete the transactions. In other words, according to her testimony, he falsely entered stamp purchases as "no sale" or non-revenue transactions. Based on this evidence, a rational juror could conclude that the Government proved beyond a reasonable doubt that Williams made a false entry of stamp purchases.

Williams contends that the specific charge required the Government to establish that he actually made an entry of stamp purchases, i.e., revenue

transactions, in the POS system.    Williams parses the language in the indictment too narrowly. It was sufficient, and consistent with the charge in the indictment, for the Government to prove that Williams made a false entry of stamp purchases by recording a "no sale" or non-revenue entry into the POS system when, in fact, a customer had made a cash purchase (i.e., a revenue transaction).

Accordingly, the judgment is AFFIRMED.